# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-2071V**

| | |
|---|---|
| BRANDIE STEINER,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 27, 2026 |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Mary Novakovic, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On December 16, 2024, Brandie Steiner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on October 12, 2023. Petition at ¶ 1. On March 18, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 41.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $23,094.95 (representing $21,585.90 in fees plus $1,509.05 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed May 5, 2026, ECF No. 47. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses were incurred. *Id.* at 2.

Respondent reacted to the motion on May 13, 2026, indicating that he "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date". ECF No. 48. Therefore, Respondent does not oppose petitioner's request in this case. *Id.* Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 47 at 18-36. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $23,094.95 (representing $21,585.90 in fees plus $1,509.05 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.